**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**THOMAS S.  WILLIS**                                                      **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO.  3:07CV217 WHB-LRA**

**MICHAEL J.  ASTRUE
COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS CAUSE is before the Court upon the [9] Motion for Summary Judgment filed by Thomas S.  Willis [hereinafter Plaintiff] and the [13] Motion to Affirm  Decision of the Commissioner filed by Commissioner Michael J.  Astrue [hereinafter Defendant]. Plaintiff appeals from the decision of the Commissioner of Social Security denying him application for Social Security Disability Insurance Benefits ("DIB") and  Supplemental Security Income ("SSI"). Defendants oppose the motion and request this Court enter an order affirming the final decision of the Commissioner's findings. Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, it is the recommendation of the Undersigned that this cause be affirmed.

**Procedural Background**

Plaintiff Thomas Willis seeks an award of disability under Title XVI and Title XIX of the Social Security Act.  (R.  13).  On January 21, 2004, Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income payments, alleging a disability date of October 1, 2000.  Plaintiff's applications were denied initially and on reconsideration.   On January 22, 2007,

Administrative Law Judge Deborah Rose rendered an unfavorable decision finding that Plaintiff had the Residual Functional Capacity to perform a narrow range of sedentary work. The Appeals Council denied Plaintiff's request to review that decision on March 29, 2007.  Plaintiff now appeals that decision.

## Facts and Medical Evidence

Plaintiff was born on April 4, 1959, and has a ninth grade education.  His prior work experience includes work as a material handler, groundskeeper, heavy truck driver, and route driver.  (R.  20).   Plaintiff asserts that he became disabled  October 1, 2000, when he sustained an injury to his back while unloading equipment at work.  (R.  24).  Notwithstanding the pain, Plaintiff continued to work until October 29, 2000, when he suffered a second on the job injury.  On January 21, 2004, Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income payments, alleging a disability date of October 1, 2000.

Plaintiff alleges his disability stems from functional limitations associated with disorders of the lumbar spine, a history of spinal surgeries, and diabetes.  (R.  54, 80, 88, 97, 105, 222-227).  Plaintiff, who  has a prior history of back injury,  first presented to his primary treating physician, Dr.  E.  Greg Wood,  on September 29, 1992, with complaints of back and left leg pain.  (R.  127).   Dr. Wood prescribed medication and placed Plaintiff on McKenzie extension exercises. Plaintiff returned to work on October 13, 1992, with restrictions of no bending or lifting.  By December 1, 1992, Dr.  Wood determined that Plaintiff had reached

2

maximum medical improvement.

Over the course of the next several years, however, Plaintiff would return to Dr. Wood for recurring leg and back pain on several occasions.  On February 21, 1994 , Plaintiff underwent a lumbar disc hernia excision, after an MRI revealed a large left L4-5 herniated disc. (R. 123-124).  Plaintiff then presented to Dr. Wood again on May 16, 1995, with complaints of left leg pain.  (R.  121).  He received epidural steroid injections and after much  improvement, was allowed to return to work, with restrictions not to frequently lift over fifty (50) pounds (R.  120).  His impairment rating was at 11 percent and he was advised to return as needed.  In June of 1996, however, a subsequent MRI revealed Plaintiff had significant "epidural scarring" (R.  119).  On August 24, 2000, Plaintiff was diagnosed with "degenerative joint disease with nerve root impingement." (R.  131).   Following his work injuries on October 1, 2000, Plaintiff underwent spinal surgery on February 6, 2001. (R.  118).  Although Plaintiff was doing well at his doctor's visit on April 23, 2001, by August 9, 2001, he complained of significant pain at the top of his incision.  (R.  116).  X-rays revealed a solid fusion from L4-5, however.  (R.  116).

On January 3, 2002, Dr.  Wood, having now treated Plaintiff for back and leg pain for approximately ten (10) years, determined that Plaintiff had reached maximum medical improvement again.  Although Plaintiff advised Dr.  Wood that he was experiencing numbness and weakness in his right leg, a new MRI was taken and was found unremarkable for any pathological process.  (R.  114).  Dr.

Woods noted that he did not believe Plaintiff would return to medium work duty due to his complaints of pain, but believed Plaintiff could return to light duty, with restrictions of no bending, lifting or stooping.  (R. 113).

Vocational Expert Brenda Dumas  testified at the administrative hearing that jobs existed in the national economy for an individual of the Plaintiff's age, education, work experience, and residual functional capacity.   (R. 241). According to the vocational expert, Plaintiff could perform work as a surveillance systems monitor, folder and assembler.  (R. 241).

### Findings of the Administrative Law Judge

The Administrative Law Judge determined Plaintiff has the following severe impairment: degenerative joint disease of the spine with neuropathy.  (R.  15). The Administrative Law Judge found, however, that  Plaintiff had not shown the existence of any impairment, or combination or impairments, that met  or equaled the criteria set forth in the Commissioner's Listing of Impairments. (R.  16-17). The  medical evidence did not demonstrate any sign of "nerve root compression, muscle atrophy, sensory or reflex loss, spinal arachnoiditis, or lumbar spine stenosis resulting in pseudoclaudication, as required by the listing." (R.  17).  Based on the record evidence and testimony of the vocational expert, the Administrative Law Judge concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff was "capable of making a successful adjustment to the work that exists in significant numbers in the national economy."  (R.  21).

4

As for Plaintiff's claim that his diabetes was a severe impairment, the Administrative Law Judge found Plaintiff's diabetes mellitus caused "no more than a minimal effect on the claimant's ability to do basic work activities," and was therefore not a severe impairment. (R. 15).  The Administrative Law Judge also noted that Plaintiff did not allege disability due to diabetes during a consultative examination on July 22, 2003, and he admitted during the hearing that his diabetes was controlled with oral medication.

## **STANDARD OF REVIEW**

A claimant's entitlement to disability benefits hinges on whether he can establish his inability "to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." **Bowling v. Shalala**, 36 F.3d 431, 435 (5th Cir. 1994).

The Administrative Law Judge uses a five-step sequential process to evaluate claims of disability and decides whether: (1) the claimant is working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment in Appendix 1 of the Regulations; (4) the impairment prevents the claimant from doing past relevant work; and,  (5) the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.  1520.   The burden of proof on the first four steps falls on the claimant, while the burden of proof on the last step rests with the Commissioner.

5

This Court's review of the ALJ's decision that a claimant is not disabled is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the ALJ's decision; and (2) whether the decision comports with relevant legal standards." **Brock v. Chater**, 84 F.3d 726, 728 (5th Cir. 1996) (*citing* **Carrier v. Sullivan**, 944 F.2d 243, 245 (5th Cir. 1991)).  *See also* **Richardson v. Perales**, 402 U.S. 389, 401 (1971).  The  Fifth Circuit has defined substantial evidence as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." **Leggett v. Chater**, 67 F.3d 558, 564 (5th Cir. 1995), citing **Anthony v. Sullivan**, 954 F.2d 289, 295 (5th Cir. 1992). Any findings by the Commissioner that are supported by substantial evidence are conclusive.  **Ripley v. Chater**, 67 F.3d 552, 555 (5th Cir. 1995).

Having applied these standards of law to the facts in this case, the Undersigned finds that there is substantial evidence in the record to support the Administrative Law Judge's findings.  Accordingly, the decision should therefore be affirmed.

## **Legal Analysis**

Plaintiff argues the ALJ's non-disability finding is not supported by substantial evidence because the ALJ failed to consider Plaintiff's subjective complaints of pain in determining his residual functional capacity. As a matter of relief, Plaintiff requests this Court reverse the Commissioner's decision and find

that he was disabled and award Title XVI and Title XIX benefits under the Social Security Act, as amended, from October 1, 2000.

**A.    Whether the Administrative Law Judge considered Plaintiff's subjective complaints in determining Plaintiff's residual functional capacity.**

Plaintiff's primary argument charges the Administrative Law Judge failed to consider his subjective complaints of pain and resulting limitations in determining his residual functional capacity.  As evidence, Plaintiff points to his testimony at the administrative hearing where he testified that on a scale of one to ten, with one (1) being very light pain and ten (10) being severe pain,  he would assign  a  six (6) or seven (7) to the level of pain he experiences on an average daily basis.  (R.  225).  He also testified that he takes his prescription medication when he can afford to purchase it.  Otherwise,  he must take over-the-counter medication.  (R.  225).   In addition, he testified that he is unable to sit or stand for a long period of time without experiencing back pain or numbness in his left leg, which occasionally goes numb and causes him to lose his balance. Plaintiff  argues  that  his  complaints  of  severe  pain  are  corroborated  by  the medical evidence, but  were simply ignored by the Administrative Law Judge as an issue of credibility.  Plaintiff cites **Wilbert P.  Abshire v. Otis R.  Bowen, M.D., Secretary of the United States Department of Health and Human Services**, 848 F.  2d 638, 642 (5th Cir.  1988), which provides as follows:

> An Administrative Law Judge's unfavorable credibility evaluation of a claimant's complaints of pain will not be upheld  on  judicial  review  where  the  uncontroverted

> medical evidence shows a basis for the claimant's complaints unless the Administrative Law Judge weighs the objective medical evidence and assigns articulated reasons for discrediting the claimant's subjective complaints of pain.

**Abshire** at 642.

The Court finds Plaintiff's argument is without merit. The credibility findings of an Administrative Law Judge as to the claimant's subjective complaints of pain are entitled to deference. Indeed, it is well within the discretion of the Administrative Law Judge to evaluate the credibility of a Plaintiff's testimony, and the Administrative Law Judge's findings as to a claimant's credibility are entitled to "great weight." *See* **Cotter v. Harris**, 642 F.2d 700, 704 (3d. Cir. 1981). In this case, ALJ Rose did not find Plaintiff's subjective manifestations of pain sufficiently credible in light of the preponderance of medical evidence. Rather, it was the Administrative Law Judge's opinion that Plaintiff's allegations of pain were "not supported by the medical evidence **to the extent alleged**." (R. 18) (Emphasis added). The Court agrees.

First, as noted by the Administrative Law Judge, Plaintiff's allegations of severe disabling pain were inconsistent with examinations that found Plaintiff was able to ambulate with a normal gait; was able to heel and toe walk without difficulty; and was able to squat; he also showed no signs of weakness or atrophy in any major muscle group. (Exhibits 24 and 26). Moreover, Plaintiff's daily activities suggested he could perform sedentary work with limitations of

"alternating sitting, standing, limited use of the left operating foot controls, and only occasional crouching, crawling, and stooping." (R. 18) The record also reflects Plaintiff rarely sought medical treatment after his successful back surgery in February 2001. MRI results were also unremarkable according to Dr. Wood's treatment note dated January 3, 2002. The Plaintiff's subjective complaints of severe and disabling pain were not supported by substantial evidence to the extent alleged.

Second, Plaintiff's argument that the Administrative Law Judge was dismissive of the opinions of his treating physician is inconsistent with the record. To the contrary, the record reflects the Administrative Law Judge assigned more weight to Dr. Wood's opinion that Plaintiff could perform light duty, than to the opinions of Plaintiff's physical therapist, Greg Bain, who opined Plaintiff could perform medium work. (R. 18). In fact, the Administrative Law Judge concluded that "Giving claimant the benefit of every possible doubt in conjunction with Dr. Wood's opinion, I find that claimant is still able to perform a narrowed range of 'sedentary ' work ..." (R. 18).

Lastly, the objective medical evidence simply does not support Plaintiff's allegations of pain and limitation. As noted by the Administrative Law Judge, the absence of regular treatment and prescription pain medication during the period of alleged disability was inconsistent with Plaintiff's claims of severe and disabling pain. (R. 18). With no evidence of emergency room visits, hospitalizations, surgery, or any similar treatment for disabling pain during the period of alleged

9

disability, Plaintiff's subjective complaints, to the extent alleged, were not credible.  Further, to the extent Plaintiff cites the inability to pay as the reason for not seeking additional treatment or medication, there  was no persuasive evidence that Plaintiff had been refused medical treatment or pain medication due to an inability to pay, or that he had sought alternative payment plans with any physician.   Based on the foregoing, the Undersigned finds the Administrative Law Judge made a careful consideration of the medical evidence, including Plaintiff's subjective complaints and testimony regarding pain. Plaintiff's assignment of error on this issue is therefore without merit.

> **B.    Whether the Administrative Law Judge failed to address Plaintiff's limited lack of education, lack of skilled work experience and lack of residual functional capacity in deciding Plaintiff's impairments.**

Plaintiff's final argument charges the Administrative Law Judge failed to consider his limited education and work experience in determining his residual functional capacity.  Citing the testimony of vocational expert, Brenda Dumas, Plaintiff argues that he has no transferrable skills from his past work experience to aid him in obtaining a job that fits directly within his restrictions and limitations.  (R. 239-240).  This argument is also without merit.

While it is true the vocational expert testified that the skills Plaintiff acquired in the performance of his past jobs (material handler, heavy truck driver, groundskeeper, and route driver) were not transferrable to any sedentary jobs, it does not necessarily follow that Plaintiff lacked any skills to perform

10

sedentary work.  To the contrary, the vocational expert testified that Plaintiff could perform sedentary work as a surveillance systems monitor, folder, and assembler.  Plaintiff advances no argument as to why he does not have the skills or education to perform these jobs, which appear to require watching a security camera and folding or assembling products.

## **Conclusion**

The Undersigned's review of the record compels a finding that substantial evidence, as defined by the law, supported the Administrative Law Judge's decision of non-disability.  For all the above reasons, it is therefore the opinion of the Undersigned United States Magistrate Judge that Plaintiff's [9] Motion for Summary Judgement   be denied; that Defendant's [13] Motion for Order Affirming the Commissioner be granted; that Plaintiff's appeal be dismissed with prejudice; and, that Final Judgment in favor of the Commissioner be entered.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from challenging such findings and recommendations on appeal.  28 U.S.C. §636, *Nettles v. Wainwright*, 677 F. 2d 404 (5th Cir.  1983).

This the 18th day of November 2008.

S/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
